IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BENJAMIN THOMAS**                                                                                          **PLAINTIFF**

V.                                        CASE NO. 5:25-CV-5048

**FAYETTEVILLE POLICE DEPARTMENT;
RACHEL HINTON, CITY OF FAYETTEVILLE
POLICE DEPARTMENT; VINCENT VEGA,
CITY OF FAYETTEVILLE POLICE DEPARTMENT; and
JUICY TAILS, INC.**                                                                                              **DEFENDANTS**

## ORDER

On July 17, 2025, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff Benjamin Thomas's Amended Complaint pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") (Doc. 12). Magistrate Judge Comstock recommends that the Amended Complaint be dismissed without prejudice for failure to state a plausible claim for relief. On July 31, 2025, Mr. Thomas filed Objections to the R&R (Doc. 14), which prompted this Court's *de novo* review of the entire case file.

The Amended Complaint (Doc. 6) alleges that on March 1, 2024, Mr. Thomas was attempting to enter a seafood restaurant called Juicy Tails, Inc., along with his service animals. An employee of Juicy Tails stopped Mr. Thomas at the door and asked him for medical documentation of a disability as a prerequisite for entry. Mr. Thomas did not have such documentation on his person. Though he claims he was denied entry, he also states that he placed an order for three pounds of crawfish and received it before leaving the premises. He then went to the parking lot where he was met with two police officers, Rachel Hinton and Vincent Vega. Juicy Tails had called the police complaining

1

that Mr. Thomas was trespassing and refused to leave. The officers threatened him with arrest unless he gave them personal identifying information. He gave them the information, and the police left. Mr. Thomas does not claim that he was detained longer than necessary, handcuffed, issued a citation, or charged with any crime. Nevertheless, he believes the officers violated his constitutional rights under 42 U.S.C. § 1983 because they investigated Juicy Tails's trespass complaint, which Mr. Thomas characterizes as a conspiracy between the police and Juicy Tails to discriminate against him in violation of Title III of the Americans with Disabilities Act ("ADA").[1]

The Magistrate Judge assumed for the sake of argument that the Amended Complaint adequately alleges that Mr. Thomas suffers from a disability, namely, Post-Traumatic Stress Disorder, or PTSD. She also assumed that Mr. Thomas's condition substantially limits one or more of his major life activities. Next, the Magistrate Judge observed that the Amended Complaint fails to disclose exactly how many service animals Mr. Thomas attempted to bring into Juicy Tails on the date in question. It also fails to disclose what sorts of animals these were and whether or not they were under control at the time. Mr. Thomas fills in some of these factual gaps in his Objections to the R&R: He explains that he had two service dogs, one "trained to serve as a guide dog in response to mild episodes of Post-Traumatic Stress Disorder (PTSD) that induce memory impairment during travel," and the other "trained to monitor the Owner's cardiac rhythms and to provide notification upon the imminent onset of a mild panic attack." (Doc. 14, p. 4).

---

[1] Title III of the ADA prohibits any "place of public accommodation" from depriving a disabled individual of the "full and equal enjoyment of the goods, services, facilities, privileges, [and] advantages" of patronage. 42 U.S.C. § 12182(a).

Mr. Thomas also attaches to his Objections the police report (Doc. 14-2) that memorializes his encounter with police outside of Juicy Tails on March 4, 2024. Mr. Thomas asks the Court to rely on the police report "to support his claim." (Doc. 14, p. 8). However, the police report actually undermines it. The report reveals that Mr. Thomas's dogs were *unleashed* when he attempted to enter Juicy Tails—a detail Mr. Thomas conveniently omits from either his Amended Complaint or his Second Amended Complaint (Doc. 15), which he filed at the same time as his Objections to the R&R. According to the police report, the Juicy Tails manager told Mr. Thomas he could not enter the restaurant to eat "unless [his dogs] were leashed." *See* Doc. 14-2, p. 2. Mr. Thomas supposedly "entered with them anyway"—which is consistent with Mr. Thomas's claim that he placed a to-go order for several pounds of crawfish and received the food before exiting. *Id.* Mr. Thomas also agrees with the report that police were summoned to the scene after a Juicy Tails employee made a call to accuse Mr. Thomas of criminal trespass. *Id.* Finally, the police report notes that officers encountered Mr. Thomas outside the restaurant, where his "service dog [was] off leash" and he was "refusing to put it on a leash." *Id.*

Given the above facts, the Court doubts Mr. Thomas could plausibly assert that his service dogs were under control at the time he attempted to enter Juicy Tails. But even if he could assert such a fact, the Magistrate Judge is correct that he would not be legally entitled to money damages for Juicy Tails's violation of Title III of the ADA. *See Hillesheim v. Holiday Stationstores, Inc.*, 953 F.3d 1059, 1062 (8th Cir. 2020) (holding that Title III of the ADA does not provide for private actions seeking damages). Mr. Thomas demands compensatory and punitive damages from Juicy Tails—which are

3

unavailable. Even nominal damages are unavailable. *See id.* In fact, the only relief Mr. Thomas could possibly receive if he proved that Juicy Tails violated Title III of the ADA is *prospective* injunctive relief, and the Court agrees with the Magistrate Judge that the Amended Complaint is devoid of facts to show a substantial likelihood that Mr. Thomas will suffer a similar future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1993) (no entitlement to injunctive relief when plaintiff has not shown "he was likely to suffer future injury"). The Second Amended Complaint is similarly devoid of such facts. *See* Doc. 15.

Mr. Thomas's final Objection to the R&R concerns his § 1983 claims. According to both the Amended Complaint and the more recently filed Second Amended Complaint, Officers Hinton and Vega met Mr. Thomas outside of Juicy Tails and asked him for personal identifying information under threat of arrest. There is nothing unconstitutional about that. Mr. Thomas agrees that Officers Hinton and Vega were responding to a report of trespass and request for assistance made by a Juicy Tails employee, and it is well established that "if there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information." *Hayes v. Florida,* 470 U.S. 811, 816 (1985). Police had reasonable suspicion to ask Mr. Thomas questions based on the call for help they received from Juicy Tails coupled with Mr. Thomas's temporal and geographic proximity to the restaurant. *See United States v. Marin*, 988 F.3d 1034, 1041 (8th Cir. 2021). Furthermore, threatening to arrest Mr. Thomas if he did not provide identifying information did not violate his constitutional rights. According to the Supreme Court,

4

"[t]he threat of criminal sanction helps ensure that the request for identity does not become a legal nullity," and, in general, "[t]he request for identity has an immediate relation to the purpose, rationale, and practical demands of a *Terry* stop." *Hiibel v. Sixth Jud. Dist. Ct. of Nev.*, 542 U.S. 177, 188 (2004) (citing *Terry v. Ohio,* 392 U.S. 1 (1968)).

If Mr. Thomas's real complaint against the police is that they conspired with Juicy Tails to discriminate against him, this is frivolous. Even if Juicy Tails violated the ADA, there are no facts—either in the Amended Complaint or the Second Amended Complaint—to support the existence of a conspiracy between Juicy Tails and the Fayetteville Police Department or its officers.

**IT IS THEREFORE ORDERED** that all Objections are **OVERRULED**, and the R&R (Doc. 12) is **ADOPTED IN ITS ENTIRETY**. The Amended Complaint fails to state any plausible claims for relief. As the Second Amended Complaint, which the Court also screened, does not cure the deficiencies, the case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED** on this 22nd day of August, 2025.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE